### In re BEBOUT.

■■■■■■■■■■

Court of Claims of Ohio,
Victims of Crime Division.

No. V94-35148.

Decided Sept. 6, 1996.

*Rodd A. Sanders* and *Joy S. Wagner,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

STRAUSBAUGH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the March 29, 1996 order issued by the panel of commissioners. The panel's determination affirmed the decision of the single commissioner, which referred the applicant's claim to the Attorney General for further investigation and a new recommendation concerning economic loss. The panel also affirmed the single commissioner's finding that the claim should not be denied, pursuant to R.C. 2743.60(A), due to the failure of the minor victim's parent to report the criminally injurious conduct to law enforcement authorities in a timely manner.

The panel adopted the single commissioner's reliance on the rationale applied by the court in *In re Lay* (1991), 63 Ohio Misc.2d 35, 619 N.E.2d 1196, in finding that the minor victim should not be precluded from participating in the reparations fund due to the dereliction of a parent. The court in *Lay* held that to deny the claim, pursuant to R.C. 2743.60(A), because the parent did not protect the minor victim's interest by filing the reparations application within the statute of limitations would preclude the minor victim from the opportunity to file a reparations application.

The victim in the present claim was twelve years of age when she was sexually assaulted by the offender. Although the applicant was aware of the criminally injurious conduct, she did not report the incident to law enforcement authorities in a timely fashion.

In a recent decision, the single commissioner in *In re Oliver* (Aug. 14, 1995), Ct. of Cl. No. V94–63702sc, unreported, found that a parent's failure to timely report the criminally injurious conduct may have the result of foreclosing a minor's legitimate claim for reparations pursuant to R.C. 2743.60(A), which is what the rationale in *Lay* sought to prevent. The single commissioner in *Oliver* found that the claim should not be precluded by R.C. 2743.60(A) because the

incident was not reported to law enforcement authorities within seventy-two hours.

■ The court adopts the panel's finding that the rationale espoused in *Lay* should be applied to cases concerning the reporting requirement as applied to minor victims. This court does not condone a parent's lack of diligence, and this decision should be applied on a case-by-case basis due to the varying age and maturity levels of minors. As the single commissioner noted in *Oliver*, "[M]inors (especially those who are sixteen or seventeen years of age, emancipated, gainfully employed or licensed to drive) may reasonably be expected to report criminally injurious conduct to the police within the seventy-two hour period just as an adult."

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the Attorney General failed to present sufficient evidence to meet her burden of proving that this claim should be barred by R.C. 2743.60(A), and that the claim should be referred to the Attorney General for further investigation of economic loss. The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

■ Upon review of the file in this matter, the court finds that the panel of commissioners was not arbitrary in finding that the Attorney General failed to show, by a preponderance of the evidence, that the applicant's claim should be barred by R.C. 2743.60(A) and that the issue of economic loss should be referred to the Attorney General.

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was reasonable and lawful. Therefore, this court affirms the decision of the three-commissioner panel, and hereby remands the applicant's claim to the single commissioner for further determination and refers the claim to the Attorney General for further investigation and a new finding of fact and recommendation addressing economic loss.

Upon review of the evidence, the court finds that the order of the panel of commissioners shall be affirmed and the Attorney General's appeal is denied.

IT IS HEREBY ORDERED THAT:

1.   The order of March 29, 1996 is approved, affirmed and adopted;

2.   This claim is REMANDED to the single commissioner for further determination and REFERRED to the Attorney General for further investigation and a new finding of fact and recommendation concerning economic loss;

3.   The Attorney General shall file an amended finding of fact and recommendation on or before Oct. 7, 1996;

4.   The applicant may respond to the new finding of fact and recommendation within *twenty-one* days after it is filed by the Attorney General;

5.   Costs assumed by the reparations fund.

*So ordered.*

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.